**PRIORITY SEND**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

<u>CIVIL MINUTES -- GENERAL</u>

Case No.   EDCV 12-02149-VAP (DTBx)                    Date:  January 15, 2013

Title:       MIGUEL VALENZUELA -*v*- WELLS FARGO BANK, N.A., AND DOES 1-
             10, INCLUSIVE
===========================================================
PRESENT:         HONORABLE VIRGINIA A. PHILLIPS, U.S. DISTRICT JUDGE

          Marva Dillard                          None Present
          Courtroom Deputy                       Court Reporter

ATTORNEYS PRESENT FOR                  ATTORNEYS PRESENT FOR
PLAINTIFFS:                            DEFENDANTS:

          None                                   None

PROCEEDINGS:         MINUTE ORDER DENYING PLAINTIFF'S MOTION TO
                     REMAND (DOC. NO. 10) (IN CHAMBERS)

      On December 19, 2012, Plaintiff Michael Valenzuela filed a Motion to Remand
this action to the California Superior Court for the County of Riverside (Doc. No. 10).
The Court, having received and considered all papers filed in support of, and in
opposition to, the Motion, finds that the Motion is appropriate for resolution without a
hearing.  <u>See</u> Fed. R. Civ. P. 78; L.R. 7-15.  For the following reasons, the Court
DENIES Plaintiff's Motion.

MINUTES FORM 11                              Initials of Deputy Clerk __md__
CIVIL -- GEN                     Page 1

EDCV 12-02149-VAP (DTBx)
MIGUEL VALENZUELA v. WELLS FARGO BANK, N.A., AND DOES 1-10, INCLUSIVE
MINUTE ORDER of January 15, 2013

# I. BACKGROUND

Defendant Wells Fargo Bank, N.A. ("Wells Fargo") removed this action from the California Superior Court for the County of Riverside on December 6, 2012, invoking the Court's subject matter jurisdiction under 28 U.S.C. § 1332.  (Not. of Removal (Doc. No. 1).)  Section 1332 allows for the removal of actions where the parties are diverse and the amount-in-controversy exceeds $75,000.  Wells Fargo alleged (1) the amount in controversy requirement was met because the value of Plaintiff's loan was $332,000, and (2) complete diversity existed between the parties because Wells Fargo was a national association with its main office in South Dakota, and Plaintiff was a citizen of California.  (Id. at 1–2.)

Plaintiff filed a Motion to Remand on December 19, 2012, asserting that the parties lacked diversity because Wells Fargo was also a citizen of California.  (Mot. (Doc. No. 10) at 6.)  Plaintiff argues that national banking associations are citizens of the state in which their principal places of business are located, and asserts that Wells Fargo's corporate headquarters and "nerve center" are in San Francisco, California.  (Id. at 5–6.)  Plaintiff also argues that it is improper to consider the full value of his loan in determining whether the amount-in-controversy requirement has been met.

Wells Fargo filed an Opposition on January 7, 2013 (Doc. No. 11).  Wells Fargo argues that a national banking association's principal place of business does not determine its citizenship, and that the Court should consider the full amount of Plaintiff's loan for amount-in-controversy purposes.

# II.  LEGAL STANDARD

A defendant may remove to federal court "any civil action brought in a State court of which the district courts . . . have original jurisdiction."  28 U.S.C. 1441(a).  When a defendant removes a case on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1441(b), the burden is on the defendant to prove that the court has subject matter jurisdiction over the case.  See Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).  Where the initial pleading does not disclose the citizenship of each party and the amount-in-controversy, the case is not removable unless the

EDCV 12-02149-VAP (DTBx)
MIGUEL VALENZUELA v. WELLS FARGO BANK, N.A., AND DOES 1-10, INCLUSIVE
MINUTE ORDER of January 15, 2013

defendant can prove these jurisdictional facts.  <u>Harris v. Bankers Life & Cas. Co.</u>, 425 F.3d 689, 695 (9th Cir. 2005).

# III.  DISCUSSION

## A.    Wells Fargo's Citizenship

National banking associations are citizens of the states "in which they are respectively located."  28 U.S.C. § 1348.  The Supreme Court, in interpreting this statute, found that a national banking association is a citizen of the state "designated in its articles of association as its main office."  <u>Wachovia Bank, N.A. v. Schmidt</u>, 546 U.S. 303, 318 (2006).

Plaintiff argues, based on <u>Horton v. Bank One, N.A.</u>, 387 F.3d 426 (5th Cir. 2004), and <u>Firstar Bank, N.A. v. Faul</u>, 253 F.3d 982 (7th Cir. 2001), that a national banking association is also located in the state in which it has its principal place of business.  (Mot. at 6 (citing <u>Horton</u>, 378 F.3d at 436; <u>Firstar</u>, 253 F.3d at 994).)  Wells Fargo asserts that the statements in <u>Horton</u> and <u>Firstar</u> regarding principal places of business were dicta that the Court should find unpersuasive.  (Opp'n at 1.)

In <u>Horton</u> and <u>Firstar</u>, the national banking associations had their principal places of business and main offices in the same state.  Thus, had the Fifth and Seventh Circuits applied the rule the Supreme Court later set forth in <u>Schmidt</u>, those courts would not have needed to decide whether a national banking association was a citizen of the state in which it had its principal place of business.  The Seventh Circuit has since abandoned its holding in <u>Firstar</u>.  <u>See</u> <u>Hicklin Engineering, L.C. v. Bartell</u>, 439 F.3d 346, 348 (7th Cir. 2006) (only considering a national bank's main office in determining its citizenship, and stating that <u>Schmidt</u> "held that national banks are citizens only of the states in which their main offices are located").

The Court finds Plaintiff's argument, as well as the courts' reasoning in <u>Horton</u> and <u>Firstar</u>, unpersuasive.  Section 1348 states that a national banking association is a citizen of the state in which it is "located."  12 U.S.C. § 36(g)(3)(B) states that a "'home State' means the State in which the main office of a national bank is located." The statutes thus link a national bank's main office, home state, and location.  No similar statute links a national bank to a principal place of business.  A statute does link <u>corporations</u> to their principal places of business, however.  <u>See</u> 28 U.S.C.

MINUTES FORM 11                                    Initials of Deputy Clerk __md__
CIVIL -- GEN                        Page 3

§ 1332(c)(1).  Removal jurisdiction is governed by statute.  <u>See</u> 28 U.S.C. §1441.
The Court may not impose a test for which there is no statutory basis.  Accordingly,
the Court finds that a national bank is a citizen of the state in which its main office is
located, and only that state.  <u>See</u> <u>Schmidt</u>, 546 U.S. at 318; <u>Hicklin</u>, 439 F.3d at 348.

As Wells Fargo's main office is in South Dakota, it is a citizen of South Dakota
only.  The parties, thus, are completely diverse for jurisdictional purposes.

## B.   Amount in Controversy
The parties also dispute whether the Court should consider the full amount of
Plaintiff's loan in determining the amount in controversy.  Plaintiff asserts that the full
amount of his loan is irrelevant because he "is suing for loan modification damages
maybe related to a future wrongful foreclosure, not the value of his home itself."  (<u>Id.</u>
at 8–9.)  Wells Fargo asserts that the Court should consider the full amount of
Plaintiff's loan for amount-in-controversy purposes because Plaintiff is seeking to
void the loan contract and halt any potential foreclosure of the subject property.
(Opp'n at 1, 14.)

When the complaint does not set forth a specific amount of damages, the
removing defendant must prove by a preponderance of the evidence that the
amount in controversy exceeds the jurisdictional threshold.  <u>Lowdermilk v. U.S. Bank
Nat'l Ass'n</u>, 479 F.3d 994, 998 (9th Cir. 2007).  "[W]here a complaint seeks to
invalidate a loan secured by a deed of trust, the amount in controversy is the loan
amount."  <u>Nguyen v. Wells Fargo Bank, N.A.</u>, 749 F. Supp. 2d 1022, 1028 (N.D. Cal.
2010); <u>see also</u> <u>Chapman v. Deutsche Bank Nat'l Trust Co.</u>, 651 F.3d 1039, 1045
n.2 (9th Cir. 2011); <u>Garfinkle v. Wells Fargo Bank</u>, 483 F.2d 1074, 1076 (9th Cir.
1973).

The Complaint, in its prayer for relief, asks the Court to "void[] Plaintiff's loan
contract."  (Compl., Ex. A to Not. of Removal, at 11.)  Plaintiff thus is seeking to
invalidate a loan secured by a deed of trust, and has placed the entire amount of his
loan in controversy.  <u>See</u> <u>Nguyen</u>, 749 F. Supp. 2d at 1028.  The original amount of

EDCV 12-02149-VAP (DTBx)
MIGUEL VALENZUELA v. WELLS FARGO BANK, N.A., AND DOES 1-10, INCLUSIVE
MINUTE ORDER of January 15, 2013

Plaintiff's loan was $332,000.  (Compl. ¶ 11.)  This amount exceeds $75,000 and meets the threshold for diversity jurisdiction.

Accordingly, Wells Fargo has met the requirements § 1332, and this Court has jurisdiction over the action.

## IV.  CONCLUSION

For the reasons set forth above, Plaintiff's Motion to Remand is DENIED.

**IT IS SO ORDERED.**